UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STUDENTS FOR LIFE USA**, an expressive student organization at the University of South Alabama,<br><br>     Plaintiff,<br> v.<br><br>**TONY G. WALDROP**, in his official capacity as President of the University of South Alabama; et al.,<br><br>     Defendants. | Case No. 1:14-cv-00157-WS-B |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on February 11, 2015 by telephone and was attended by:

David J. Hacker and Travis C. Barham for Plaintiff Students for Life USA, and

Windy C. Bitzer and Christine Harding Hart for Defendants Tony G. Waldrop, John W. Smith, Michael A. Mitchell, and John W. Steadman.

The parties continued to work together to prepare this report up to February 18, 2015, the date of filing. The parties do not request a conference with the court before entry of the scheduling order, but are prepared to discuss these matters at the status conference scheduled for February 20, 2015, if the Court is inclined to address them.

  1. **Plaintiff's brief narrative statement of the facts and causes of action:**

Plaintiff Students for Life USA is an expressive student organization at the University of South Alabama. It brought this action on April 3, 2014, after it was denied the right to engage in pro-life speech in traditional or designated public forums on campus. Plaintiff requested permission to speak in various outdoor areas of campus, but Defendants Mitchell and Steadman

1

refused to allow Plaintiff to use those areas because they deemed the speech too "controversial." Defendants discriminated against Plaintiff based on the viewpoint of its speech, which is always unconstitutional. Instead, Defendants required Plaintiff to conduct the event in the University's free speech zone. Defendants undertook these discriminatory actions based on a solicitation policy that was in effect at the time (hereinafter, the First Policy). Under the First Policy, the University restricted student speech to one small speech zone that occupied less than 0.01% of the University's main campus, unless the defendants or other administrates exercised their unbridled discretion to allow students to use other areas. The policy also prohibited students from speaking spontaneously and anonymously on campus. It required students and student organizations to obtain a permit three days in advance of when they wanted to speak—whether through oral or written communication. And the permitting process gave the University unfettered discretion to determine whether students may speak at all. Plaintiff's Verified Complaint asserted that the First Policy violated its First and Fourteenth Amendment rights to freedom of speech, due process, and equal protection of law.

After Plaintiff sued, the parties attempted to settle the matter, but were unsuccessful.

Defendants moved to dismiss the case on August 8, 2014. They asserted that they had adopted a new policy (hereinafter, the Second Policy) that removed some of the constitutional defects of the first policy, but continued to close the park-like perimeter area of campus to student speech. This perimeter no-speech zone was where Plaintiff originally desired to speak. Its park-like areas are traditional or designated public fora for student speech.

Plaintiff filed a First Amended Verified Complaint on August 22, 2014, which maintained its claims against the First Policy and added First and Fourteenth Amendment claims against the Second Policy. The Second Policy violates the First Amendment because it is a prior

restraint on speech in a traditional or designated public forum; it grants University administrators unbridled discretion to define the boundaries and limitations on speech, which leads to content and viewpoint discrimination; it is not narrowly tailored to the University's interest in safety, aesthetics, and education; and it does not leave open ample alternative channels of communication. The Second Policy violates the Fourteenth Amendment because it is overbroad, vague, and results in differential treatment of similarly situated students.

Defendants filed a new motion to dismiss on September 5, 2014. On February 4, 2015, the Court granted in part and denied in part Defendants' motion to dismiss. The Court dismissed all of Plaintiff's claims against the First Policy, and awarded the defendants qualified immunity for the nominal damages claims against that policy, except for Plaintiff's viewpoint discrimination claims against Defendants' Mitchell and Steadman. The Court denied Defendants' motion with respect to Plaintiff's claims against the Second Policy.

**Defendants' brief narrative statement of the facts and defenses:**

Defendants deny that the University of South Alabama's policies violate Plaintiff's First Amendment right to freedom of speech, Fourteenth Amendment right of due process of law, or Fourteenth Amendment right to equal protection of the law.  The Court's Order dated February 4, 2015 narrowed the claims in this case.  The Court dismissed all of Plaintiff's claims for nominal monetary damages, except as against Defendants Mitchell and Steadman in their individual capacities based on alleged viewpoint discrimination in violation of the First Amendment by denying Plaintiff permission to use the perimeter area near Shelby Hall for a cemetery of innocents display in February 2014 when the "First Policy" was in effect. Regarding that remaining nominal damages claim, Defendants Mitchell and Steadman deny that

they engaged in viewpoint discrimination and deny that Plaintiff is entitled to any relief against them.

The Court dismissed Plaintiff's claims for equitable relief against all Defendants with respect to the First Policy.  Regarding Plaintiff's remaining claims for prospective equitable relief concerning Section I.B.1.B. of the "Second Policy" or "Use Policy," Defendants deny that the perimeter areas of campus are traditional or designated public fora, and assert that the Use Policy is reasonable and viewpoint neutral.  Defendants also assert that they are entitled to state and federal immunities and that Plaintiff is not entitled to declaratory or injunctive relief regarding Section I.B.1.B. of the Use Policy, or to any other relief against the Defendants.

2. This non-jury action should be ready for trial by **March 2016** and at this time is expected to take approximately two days.

3. The parties request a pretrial conference in **February 2016**.

4. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects:  The facts and issues relating to Plaintiff's claim for viewpoint discrimination damages against Defendants Mitchell and Steadman, Plaintiff's facial and as-applied claims against the Second Policy, and Defendants' defenses.

    b. All discovery commenced in time to be completed by **September 25, 2015**.

5. Initial Disclosures: The parties will exchange by **March 11, 2015** the information required by Fed. R. Civ. P. 26(a)(1).

6. The parties request until **May 29, 2015** to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by **July 15, 2015.**

from Defendants by **August 12, 2015**.

Plaintiff may serve a rebuttal expert report by **August 28, 2015**.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due **thirty days prior to trial or as directed by the court's pretrial order**.

9. Discovery Limits.

Maximum of **25** interrogatories by each party to any other party. Responses due **30** days after service.

Maximum of **10** depositions by the Plaintiff and **10** by Defendants. Each deposition limited to maximum of **7** hours unless extended by agreement of parties.

Maximum of **30** requests for admission by each party to any other party. Responses due **30** days after service.

Maximum of **30** requests for production of documents by each party to any other party. Responses due **30** days after service.

Plaintiff anticipates serving a request upon the Defendants pursuant to Fed. R. Civ. P. 34(a)(2) to enter onto designated land or other property possessed or controlled by Defendants so that Plaintiff may inspect, measure, survey, photograph, test, or sample the property. The parties agree that the procedures provided in Fed. R. Civ. P. 34 will be followed.

10. All potentially dispositive motions filed by **October 23, 2015**.

11.     Settlement may be enhanced by use of the following alternative dispute resolution procedure:  A magistrate judge settlement conference.

12.     The discovery in this action will include Electronically Stored Information (ESI). The parties will produce electronically stored information in searchable PDF form to the extent that it is reasonably feasible. The parties do not anticipate any issues involving electronically discoverable material; however, should one arise, the parties will work together to resolve it before seeking the intervention of the Court.

13.     Other matters.  The parties will address issues of privilege or protection of trial-preparation material as needed during discovery.  If claiming a privilege to a document, the party will produce a privilege log.  If the parties cannot reach a reasonable agreement on these issues, they may request the Court's intervention.

The parties acknowledge that regardless of a producing party's diligence, an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they agree that if a party through inadvertence produces discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party requesting that the document or thing be returned to the producing party or destroyed. The receiving party shall return or destroy such document or thing, which shall not constitute an admission or concession document or thing is properly subject to a claim of attorney-client privilege or attorney work product, unless within 10 days of receiving the notice, it files a motion for an in-camera review by the Court to determine whether the designation is proper. Nothing in this paragraph should be treated as foreclosing a party from later moving the Court pursuant to

Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

Respectfully submitted this 18th day of February, 2014,

| For Plaintiff: | For Defendants: |
|---|---|
| By: /s/David J. Hacker | By: /s/Windy C. Bitzer, by consent |
| DAVID A. CORTMAN* | Windy C. Bitzer (BITZ7315) |
| Georgia Bar No. 188810 | Christine Harding Hart (HARTC5687) |
| KEVIN H. THERIOT* | HAND ARENDALL LLC |
| Georgia Bar No. 373095 | RSA Tower, Suite 30200 |
| TRAVIS C. BARHAM* | 11 North Water Street |
| Georgia Bar No. 753251 | Mobile, Alabama 36602 |
| **ALLIANCE DEFENDING FREEDOM** | Post Office Box 123 |
| 1000 Hurricane Shoals Road NE | Mobile, Alabama 36601 |
| Suite D-1100 | Telephone: (251) 432-5511 |
| Lawrenceville, Georgia 30043 | Fax: (251) 694-6375 |
| (770) 339-0774 | wbitzer@handarendall.com |
| (770) 339-6744 Fax | chart@handarendall.com |
| dcortman@alliancedefendingfreedom.org | |
| ktheriot@alliancedefendingfreedom.org | ATTORNEYS FOR DEFENDANTS |
| tbarham@alliancedefendingfreedom.org | |

DAVID J. HACKER*
California Bar No. 249272
Illinois Bar No. 6283022
**ALLIANCE DEFENDING FREEDOM**
101 Parkshore Drive, Suite 100
Folsom, California 95630
(916) 932-2850
(916) 932-2851 Fax
dhacker@alliancedefendingfreedom.org

NORMAN J. GALE, JR.
ASB-4160-E62N
**ATTORNEY AT LAW, LLC**
917 Western America Circle, Suite 205
Mobile, Alabama 36609
(251) 460-0400
njg@normanjgale.com

*Admitted *pro hac vice*.

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of February, 2014, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will automatically send notification of such filing to the following attorneys of record:

Windy C. Bitzer
Christine Harding Hart
HAND ARENDALL LLC
RSA Tower, Suite 30200
11 North Water Street
Mobile, Alabama 36602
(251) 432-5511
(251) 694-6375 (Fax)
wbitzer@handarendall.com
chart@handarendall.com

/s/David J. Hacker
David J. Hacker
*Attorney for Plaintiff*